UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Richard Byrd Dodson, Jr.,

   Plaintiff,

  vs.        REPORT AND RECOMMENDATION

Bushy Creek Chili; Keef
Supply Company, Moose
Lake Prison(MCF),

   Defendants.    Civil No. 10-544 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Richard Byrd Dodson, Jr., for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

The Plaintiff, who is an inmate at the Minnesota Correctional Facility, in Moose Lake, Minnesota, commenced this action by filing a pleading entitled "Complaint for Violation of Civil Rights under 42 U.S.C. 1983." See, Docket No. 1. The Plaintiff appears to assert a claim based upon an injury to his mouth and gums, which he

suffered when a hard, sharp object was discovered in one of his meals.

At the time of filing, the Plaintiff did not pay any filing fee for this action but, instead, filed an Application seeking leave to proceed IFP. See, Docket No. 2. We previously reviewed the Plaintiff's IFP Application, and we reviewed his certified trust account information, as is required by Title 28 U.S.C. §1915(a)(2). See, Docket No. 3. At that time, we noted that the Plaintiff had failed to provide a completed United States Marshal service form for each of the named Defendants. Accordingly, by Order dated March 4, 2010, we directed the Plaintiff to pay an initial partial filing fee of $38.52, as is required by Title 28 U.S.C. §1915(b)(1), and to submit a completed Marshal Service form for each of the named Defendants. We further advised the Plaintiff that, should he fail to comply with these requisites by April 2, 2010, we would recommend that his IFP Application be denied, and this action be summarily dismissed.[1]

The deadline for satisfying the requirements of our Order has since expired, and

---

[1] We also informed the Plaintiff that it was virtually certain that his Complaint would not survive the initial screening process, due to several fatal defects in his Complaint. In particular, we noted that the Complaint failed to describe any allegedly wrongful acts or omissions on the part of the named Defendants, or any purported legal bases for his claims. Accordingly, we find that it would also be proper to recommend a dismissal for failure to state a claim upon which relief can be granted. See, Title 28 U.S.C. 1915(e)(2)(B)(ii).

the Plaintiff has failed to comply with the directives of that Order. Therefore, we recommend that the Plaintiff's Complaint be summarily dismissed, without prejudice, for failure to comply with our Order of March 4, 2010, and for failure to prosecute. See Rule 41(b), Federal Rules of Civil Procedure; see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally ben considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Accordingly, we also recommend that the Plaintiff's IFP Application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order of March 4, 2010, and for failure to prosecute.

2. That the Plaintiff's IFP Application [Docket No. 2] be denied, as moot.

Dated: May 25, 2010            *s/Raymond L. Erickson*
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 8, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **June 8, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.